Reese, J.
delivered the opinion of the court.
The defendant was indicted for a nuisance at common law, caused by the creation of a mill-dam, and the keeping up thereby of a mill-pond, overflowing much ground, and rendering the atmosphere impure, and the neighborhood unhealthy. The *40 defendant pleaded not guilty, and a special plea founded on the 2d section of the act of 1832, ch. 79, (pamphlet acts, page 63.) This act authorized the defendant, by name, to build the dam in question, without being subject to the penalty of an act, entitled “An act to compel owners of mills west of Tennessee river, to cut down and remove the standing or decaying timber in the mill-ponds, passed 7th January, 1830.” This act made the mere omission to cut down such timber an indictable of-fence, without allegation or proof that in consequence of such omission a nuisance at common law in fact existed. The above sec. 2, ch. 79, (1832,) in terms exempts the defendant from the penalty of the act of 1330, and it does no more. The legislature should not be readily supposed as meaning to violate that fundamental principle of social, natural and municipal law, which prescribes to every one, in the use and enjoyment of his own property, the necessary limitation, that he shall not injuriously affect the rights of others. It would be difficult to imagine that the legislature could intend to concede to an individual the privilege of so using his property as to injure the public health. At all events, they have not in this instance done so. The demurrer of the Attorney General in the circuit court to this plea ought, therefore, to have been sustained; it was overruled, and the judgment must, therefore, be reversed.